UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
                                                                                            :

**MEDICAPTURE, INC.,**                                                :

                        **Plaintiff,**                        :           Civil Action No. 2:21-cv-02454-CCC-ESK

                                               :

                           v.                              :

**FORESEESON CUSTOM DISPLAYS, INC.,**   :           <u>**JURY DEMANDED**</u>

                        **Defendant.**                  :
-----------------------------------------------------------X

## STIPULATED CONSENT ORDER AND PERMANENT INJUNCTION

Plaintiff, MediCapture, Inc. ("MediCapture" or "Plaintiff"), having filed its complaint herein on February 12, 2021 against Defendant Foreseeson Custom Displays, Inc. also known as FSN Medical Technologies ("Defendant" or "Foreseeson") designated as Civil Action No. 2:21-cv-02454-CCC-ESK (the "Action"), and Foreseeson having consented to the entry of this Stipulated Consent Order and Permanent Injunction (also referred to as the "Consent Order") to be binding on Foreseeson and Foreseeson's agents, employees and representatives, and all persons acting in concert, cooperation, or participation with Foreseeson:

WHEREAS, MediCapture owns the word mark MVR, registered at the United States Patent and Trademark Office ("USPTO") Registration No. 5065225, for "Medical image processors in the nature of portable computer processor with embedded operating system for medical image processing and for managing and storing medical image data; Portable data carriers, namely, USB flash drive specially adapted for use with medical image processors" (the "MVR Mark");

WHEREAS, MediCapture alleges that Foreseeson has infringed its trademark rights in the MVR Mark and unfairly competed with MediCapture and that Foreseeson has promoted and sold goods using the MVR Mark;

WHEREAS, Foreseeson denies the allegations and alleges that any use of the MVR Mark including in connection with a protype product, advertising, marketing, or promotional materials was innocent, limited, and inadvertent; it further alleges that it has removed all references to the MVR Mark from Foreseeson's prototype products, advertising, marketing, promotional, and other materials, has never made a sale of a good bearing the MVR Mark, and has notified its employees that they are never to use the MVR Mark;

WHEREAS, Foreseeson further alleges that it has taken adequate, commercially reasonable steps to avoid any use of the MVR Mark in any unauthorized manner; and

WHEREAS, the parties desire to resolve this Civil Action on the terms and conditions set forth below, and to settle and resolve all disputes between them.

NOW, THEREFORE, upon consent of the parties hereto,

IT IS ORDERED, ADJUDGED and DECREED, that final judgment in favor of Plaintiff MediCapture and against Defendant Foreseeson be entered as follows:

1. This Court finds:

    (a) It has jurisdiction of the subject matter of all counts of this Action and over all the parties hereto; and

    (b) The MVR Mark is valid, MediCapture is the owner and has the exclusive right to use the MVR Mark in commerce in connection with the goods listed in registration at the USPTO Reg. No. 5065225.

2. Foreseeson and its affiliates and the officers, agents, servants, employees and attorneys of each of them, and all those acting in concert, cooperation, and participation with any of them are hereby permanently enjoined and restrained from:

        (a)    Using, operating, or conducting business under the MVR Mark, alone or in combination with any other letters, words, letter strings, phrases (for example, FSN and/or Medical Technologies) or designs or any other confusingly similar mark or combination; and

        (b)    Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the MVR Mark or any other or confusingly similar variants thereof; and

        (c)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any activities prohibited by this Order.

3.    Foreseeson and its affiliates and the officers, agents, servants, employees and attorneys of each of them, and all those acting in concert, cooperation, and participation with any of them shall within fourteen (14) days of entry of the Order:

        (a)    remove the MVR Mark and any designation that is confusingly similar from any products or materials in its custody or control; and

        (b)    provide notice of the Court's Order to its agents, employees, attorneys, and related companies and all persons acting for, with, by, through, or under it who interact with branding, trademarks, and sales related to medical devices, by personal service, electronic mail, or otherwise.

4.    This Action is terminated with prejudice, subject to the terms of this Stipulated Consent Order and Permanent Injunction.

5.    The Court shall retain jurisdiction over the matter to construe and enforce this Stipulated Consent Order and Permanent Injunction.

6.    This Stipulated Consent Order and Permanent Injunction is binding upon and shall inure to the benefit of all parties, their successors and assigns, including the officers and directors of Foreseeson and the officers and directors of MediCapture.

7.    Each party, and its representative executing this Stipulated Consent Order and Permanent Injunction, warrant and represent that such representative has the actual authority to enter into this Consent Order on behalf of and to bind the party thereby.

8.    Each party shall bear their respective costs and attorney fees.

9. This Stipulated Consent Order and Permanent Injunction is in full settlement of all claims and defenses asserted by the parties in the Civil Action and shall constitute a final adjudication on the merits as to all damages alleged by the parties.

**SO ORDERED BY THE COURT, this _____ day of _____, 2021**.

_____
Claire C. Cecchi, U.S.D.C.

STIPULATED AND AGREED TO:

KAPLAN BREYER SCHWARZ, LLP
90 Matawan Road, Suite 201
Matawan, NJ  07747
732-578-0103 x231 (voice)
JKaplan@kbsiplaw.com
732-578-0103 x218 (voice)
MVoltchenko@kbsiplaw.com

 /s/ Maxim A. Voltchenko_____
Jeffrey I. Kaplan (JK 4706)
Maxim A. Voltchenko
*Attorneys for Plaintiff MediCapture, Inc.*

Greensfelder, Hemker & Gale, P.C.
200 W. Madison St. | Suite 3300
Chicago, IL 60606
Phone: 312-345-5019
smeyer@greensfelder.com
Susan Meyer
*Attorneys for Defendant Foreseeson Custom Displays, Inc.*